███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

DH INTERNATIONAL LTD.

      *Plaintiff*,

v.

APPLE INC.,

      *Defendant*.

CIVIL ACTION NO. 1:23-CV-01114-DII

███████████

**PUBLIC VERSION**

**DEFENDANT APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

1609096377

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................... 1

II.  BACKGROUND .................................................................................... 2

    A.  Apple Pay and Apple Wallet And Their Relevant Components........................... 2

    B.  Apple And Its Expected Trial Witnesses Are Largely Based In California, While None Are In This District............................................................. 3

    C.  Neither DH International Nor Its Expected Trial Witnesses Are In This District............................................................................................ 5

III.  LEGAL STANDARD ............................................................................. 6

IV.  THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE. .................................................. 7

    A.  This Case Could Have Been Brought In The NDCA. .................................. 7

    B.  The Private Interest Factors Favor Transfer to The NDCA................................. 8

        1.  The Cost of Attendance And Convenience of Willing Witnesses Strongly Favors Transfer. ......................................................... 8

        2.  The Relative Ease of Access to Sources of Proof Strongly Favors Transfer. ............................................................................. 12

        3.  The Availability Of Compulsory Process Factor Favors Transfer. ......... 14

        4.  The Other Practical Problems Factor Is Neutral. .................................... 15

    C.  The Public Interest Factors Favor Transfer Or Are Neutral. ............................. 15

        1.  Court Congestion Slightly Favors Transfer. ............................................ 15

        2.  The Local Interest Factor Favors Transfer................................................ 16

        3.  Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors. ......................................................................... 17

V.  CONCLUSION...................................................................................... 17

████████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer Am. Corp*.,
626 F.3d 1252 (Fed. Cir. 2010)...............................................................................10

*Alto Dynamics, LLC v. Wayfair LLC*,
No. 1-22-cv-00829-RP, Dkt. No. 44 (W.D. Tex. Jun. 14, 2023)..............................2

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)......................................................... *passim*

*In re Apple Inc*.,
No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ..........................13, 16

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ..........................16, 17

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
No. 6:15-CV-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) .......................6

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ........................................................... *passim*

*CPC Pat. Techs. PTY Ltd. v. Apple Inc*.,
143 S. Ct. 206 (2022)...............................................................................17

*DH International Ltd. v. Google LLC*,
No. 1-23-cv-0116, Dkt. No. 9 (Dec. 14, 2023) ......................................................15

*Fintiv, Inc. v. Apple Inc*.,
No. 6:18-CV-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) .........................14

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)...............................................................8, 12, 14, 15

*In Re: Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ..............................................................................11

*Haptic, Inc. v. Apple, Inc.*,
No. 1-23-cv-01351-RP, 2024 WL 2954194 (W.D. Tex. Apr. 15, 2024) (*aff'd
In re Haptic, Inc.*, No. 2024-121, 2024 WL 3159288 (Fed. Cir. June 25,
2024))...............................................................................................1, 13, 16

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)...............................................................................16

ii

*In re Honeywell*,
No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024) .....................................................11

*In re HP Inc.*,
No. 2018149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018)...................................................8

*iCharts LLC v. Tableau Software, LLC*,
No. 1:23-cv-01225-RP, Dkt. No. 61 (W.D. Tex. May 21, 2024) .............................................1

*InfoGation Corp. v. Google LLC*,
No. 6:20-CV-00366-ADA, 2021 WL 5547070 (W.D. Tex. Apr. 29, 2021) ............................8

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ...............................................................................................7

*Magic Cross Ranch, L.P. v. Manion*,
No. 3:12-CV-00541-P, 2012 WL 13027449 (N.D. Tex. Sept. 25, 2012)...............................17

*Missed Call, LLC v. Twilio, Inc.*,
No. 1-23-cv-1294-RP, Dkt. No. 14 (W.D. Tex. Feb. 2, 2024) ..................................................2

*In re NetScout Systems, Inc.*,
No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021)....................................................9

*Parus Holdings, Inc. v. Microsoft Corp.*,
No. 6:21-CV-00570-ADA, 2022 WL 17420391 (W.D. Tex. Nov. 29, 2022).........................16

*Polaris Innovations Limited v. Dell, Inc.*,
No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016)...................................8

*In re Samsung Elecs. Co., Ltd.*,
No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023)..................................................11

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
581 U.S. 258 (2017).................................................................................................................7

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) .................................................................................7, 8, 11, 17

*USTA Tech., LLC v. Google LLC*,
No. W-22-CA-01214-XR, 2023 WL 4833481 (W.D. Tex. Jul. 26, 2023) .................13, 15, 17

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ...............................................................................................6, 8

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) ................................................................1, 6, 10, 14

1609096377

*WirelessWerx IP, LLC v. Google, LLC*,
    No. 6-22-cv-01056-RP, Dkt. No. 49 (W.D. Tex. Apr. 14, 2023) ...............................................2

*XY, LLC v. Trans Ova Genetics, LC*,
    No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............................12

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................1, 2, 6, 8

35 U.S.C. § 1400(b) .........................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A), (B) ...................................................................................................14

1609096377

Defendant Apple Inc. ("Apple") moves under 28 U.S.C. § 1404(a) to transfer this case filed by Plaintiff DH International Ltd. ("DH International") to the United States District Court for the Northern District of California ("NDCA").

## I.    INTRODUCTION

Under a straightforward application of the *Volkswagen* factors, the NDCA is clearly the more convenient venue for this dispute, so transfer to that district is warranted. This case has numerous connections to the NDCA but little or no relevant connections to this District. Notably: (1) Apple is headquartered in Cupertino, California and has identified five employees who are likely trial witnesses in the NDCA, one more in San Diego and two more in Prague, Czech Republic, but no likely trial witnesses in this District; (2) Apple's key sources of proof, including physical components used to implement near-field communication ("NFC") functionality in the accused products, primarily are located in Cupertino and little (if any) unique sources of proof are in this District; (3) DH International is based in Canada with no known witnesses, evidence, or connections to this District; (4) the only named inventor on the two asserted patents, Joël Gaillard, is listed on the face of the patents as living in Nassau, Bahamas and now appears to be in Canada or France; (5) Apple has identified third parties within the subpoena power of the NDCA that likely have relevant information to this case; and (6) no fact discovery has been taken, and the dates for claim construction and trial have yet to be set. The NDCA is the clearly more convenient venue for this dispute and should be transferred there.

Indeed, this case falls into the line of recent cases where the Court granted transfer under § 1404(a) based largely on the location of the expected trial witnesses, which the Court correctly recognizes is the most important factor in the transfer analysis. *See iCharts LLC v. Tableau Software, LLC,* No. 1:23-cv-01225-RP, Dkt. No. 61 (W.D. Tex. May 21, 2024); *Haptic, Inc. v. Apple, Inc.,* No. 1-23-cv-01351-RP, 2024 WL 2954194 (W.D. Tex. Apr. 15, 2024) (*aff'd In re*

*Haptic, Inc.*, No. 2024-121, 2024 WL 3159288 (Fed. Cir. June 25, 2024)); *Missed Call, LLC v. Twilio, Inc.*, No. 1-23-cv-1294-RP, Dkt. No. 14 (W.D. Tex. Feb. 2, 2024); *Alto Dynamics, LLC v. Wayfair LLC*, No. 1-22-cv-00829-RP, Dkt. No. 44, (W.D. Tex. Jun. 14, 2023); *WirelessWerx IP, LLC v. Google, LLC*, No. 6-22-cv-01056-RP, Dkt. No. 49 (W.D. Tex. Apr. 14, 2023). Here, because the location of relevant witnesses favors transfer and the remaining factors favor transfer or are neutral, transfer to the NDCA is warranted.

## II.   BACKGROUND

### A.   Apple Pay and Apple Wallet And Their Relevant Components.

DH International claims that Apple products that support Apple Pay and Apple Wallet infringe United States Patent Nos. 7,628,333 and 9,022,294 (the "asserted patents"). *See* Dkt. No. 1, Complaint at ¶¶ 2-3, 29. Specifically, DH International claims that Apple Pay-enabled products infringe the asserted patents when users make payments at point-of-sale (POS) terminals using Apple Pay software, NFC technology, and user authentication through Face ID, a passcode, or Touch ID, which results in an in-store payment. *Id*. ¶¶ 41, 65. DH International's allegations also implicate a component in Apple's products called the "Secure Enclave," which stores and decrypts the biometric data for Touch ID and Face ID in certain Apple Pay payments. *Id*. ¶¶ 25, 38, 41-44, 61, 65, 67-68; *see also* Ex. 1.[1]

To use Apple Pay, users first add their credit or debit cards to the Wallet app on their iPhone. Ex. 2. To make a payment at an Apple Pay-enabled POS terminal, users hold their iPhone near the NFC reader to make a payment. The user must authenticate using a passcode,

---

[1] Numbered exhibits are attached to the Declaration of John Guaragna in Support of Defendant Apple Inc.'s Opposed Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a), which is being filed concurrent with the filing of this Motion.

1609096377

Face ID, or Touch ID. *Id.* Apple Pay is widely accepted by retailers, websites, and apps across the United States and is not unique to Texas. *See* Ex. 2; *see also* Answer ¶ 27.

**B.    Apple And Its Expected Trial Witnesses Are Largely Based In California, While None Are In This District.**

Apple has been headquartered in Cupertino, California since its founding in 1976. Apple does not deny that it has a presence in Austin, Texas. *See, e.g.,* Answer ¶¶ 8-9. However, Apple's primary management, research and development, marketing, finance, and legal operations related to the accused products are in the NDCA. *See* Declaration of Palash Bandyophadhay ("Bandyophadhay Decl.") ¶ 4; Declaration of Tony Diederich ("Diederich Decl.") ¶ 4; Declaration of Catherine Spevak ("Spevak Decl.") ¶ 3; Declaration of Timothy Paaske ("Paaske Decl.") ¶ 5; Declaration of Manan Biyani ("Biyani Decl.") ¶ 4; and Declaration of Kevin Kramer ("Kramer Decl.") ¶ 4. Specific to this case, Apple has teams of engineers who design, develop, and implement the accused features, and the vast majority of that activity takes place at or near Apple's Cupertino headquarters and little of that activity takes place in this District. *See* Bandyophadhay Decl. ¶ 4; Diederich Decl. ¶ 4; Paaske Decl. ¶ 5. Also, the relevant Apple employees involved in the marketing, licensing, and sale of the accused products work in or near Cupertino and little of that activity takes place in this District. *See* Biyani Decl. ¶ 4; Spevak Decl. ¶ 3; Kramer Decl. ¶ 4.

Based on DH International's allegations, the expected Apple trial witnesses live and work in the NDCA, San Diego, or Prague, Czech Republic. To demonstrate this, Apple provides the following table of the expected Apple trial witnesses, along with each of their titles, work locations, and a summary of their expected testimony:

1609096377

| Name | Title | Location | Expected Testimony |
|------|-------|----------|--------------------|
| Tony Diederich | Software Engineering Manager | Cupertino, CA | Research, design, development and operation of the accused software features and products, including Apple Wallet and Apple Pay. |
| Timothy Paaske | Engineering Director | Cupertino, CA | Research, design, development and operation of Secure Enclave processor utilized for biometric authentication for Apple Pay transactions. |
| Palash Bandyophadhay | Software Development Engineer | San Diego, CA | Research, design, development, and operation of Apple Pay/Wallet NFC functionality used to make Apple Pay in-store transactions. |
| Libor Skyora | Software Development Engineering Manager | Prague, Czech Republic | Research, design, development, and operation of local authentication frameworks and Apple Credential Manager utilized for biometric authentication for Apple Pay transactions. |
| Petr Kostka | Software Development Engineering Manager | Prague, Czech Republic | Research, design, development, and operation of frameworks involved in biometric authentication for Apple Pay transactions. |
| Catherine Spevak | Finance Manager | Cupertino, CA | Sales and financial information for Apple products that utilize Apple Wallet and Apple Pay. |
| Kevin Kramer | Senior Counsel | Cupertino, CA | Intellectual property licensing and commercial and product transaction agreements relating to the field of the accused functionalities in this case. |
| Manan Biyani | Marketing Director | Cupertino, CA | Marketing of the accused features and accused products that utilize Apple Wallet and Apple Pay. |

*See* Diederich Decl; Paaske Decl.; Bandyophadhay Decl.; Declaration of Libor Sykora ("Skyora Decl."); Declaration of Petr Kostka ("Kostka Decl."); Spevak Decl.; Kramer Decl.; Biyani Decl.

1609096377

███████████████████

As demonstrated above, Apple expects several of its trial witnesses to testify about the technical aspects of this case, including the design, development, and operation of Apple Pay and Apple Wallet, NFC functionality, the Secure Enclave, Local Authentication frameworks, and biometric authentication. Several of its other trial witnesses will testify about Apple's marketing, licensing, and finances related to Apple Pay and Apple Wallet. Although DH International may

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████. *See* Paaske Decl. ¶ 10. ██████████████████████████

████████████████████████████████████ *Id*. In short, nearly all of Apple's expected trial witnesses are in California and none are in Texas.[2]

### C. Neither DH International Nor Its Expected Trial Witnesses Are In This District.

DH International is a Canadian limited liability company organized under the laws of Canada, with a principal place of business in Canada. Dkt. No. 1, Complaint ¶ 4. Apple therefore expects DH International's employees to live and work in Canada. And the asserted patents appear to have been developed in Nassau, Bahamas. *See* Dkt. No. 1, Complaint Exs. 1-2. The sole inventor of the asserted patents, Joël Gaillard, appears to be located in France or in

---

[2] Certain of Apple's Austin-based employees work on ██████████████████████
███. *See* Declaration of Kim Tryggestad ("Tryggestad Decl."). Other Austin-based Apple employees work ████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
███████████████████████████. *See* Declaration of Lincoln Barker ("Barker Decl."); *see generally* Complaint and Complaint Exs. 1-2.

Montreal, Canada according to his LinkedIn profile. *See* Ex. 3. And DH International's

complaint does not identify any alleged connection between it and this District or Texas.

III.     **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been

brought[.]" 28 U.S.C. § 1404(a). The movant must show "good cause" by demonstrating that the

"transferee venue is clearly more convenient" than the transferor district. *In re Volkswagen of*

*Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). A movant can "clearly

establish[] good cause" by showing "(1) that the marginal gain in convenience will be

*significant,* and (2) that its evidence makes it plainly obvious—*i.e.*, clearly demonstrated—that

those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th

502, 508 (5th Cir. 2024) (referencing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir.

2008) (en banc) ("*Volkswagen II*")) (emphasis in original).

In evaluating convenience, the district court weighs both private and public interest

factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private

factors include: "(1) the relative ease of access to sources of proof; (2) the availability of

compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and

inexpensive." *Id*. The public interest factors include: "(1) the administrative difficulties flowing

from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary

problems of conflict of laws of the application of foreign law." *Id*.

The convenience of the witnesses is the most important factor. *See Auto-Dril, Inc. v.*

*Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28,

1609096377

2016) ("[t]he convenience of the witnesses is probably the single most important factor in transfer analysis") (internal citations omitted). Thus, the proposed transferee forum is "clearly more convenient" where, as here, most potential witnesses and relevant evidence are in the transferee district and few or none are in the transferor venue. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021) (granting mandamus and ordering transfer where more witnesses resided in the transferee district compared to the transferor district); *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (granting Apple's mandamus petition where district court concluded that "the greater balance of witnesses … are located within NDCA"); *In re TikTok, Inc.,* 85 F.4th 352, 361 (5th Cir. 2023) ("The presence of one Texas witness cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in Texas.").

## IV.     THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

The NDCA is the most convenient forum for this case. Apple is headquartered there and the bulk of the anticipated trial witnesses and evidence relevant to this case are located there. The private and public interest factors therefore favor transfer to the NDCA.

### A.     This Case Could Have Been Brought In The NDCA.

A patent infringement case "may be brought in the judicial district where the defendant resides[.]" 35 U.S.C. § 1400(b). A corporate defendant "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 262 (2017). Thus, this case could have been brought in the NDCA because Apple is incorporated in California. *See* Complaint ¶ 6.

**B.**    **The Private Interest Factors Favor Transfer to The NDCA.**

The private interest factors strongly favor transfer because the relevant witnesses and

evidence are overwhelmingly in the NDCA and Apple is aware of none in this District.

**1.**    **The Cost of Attendance And Convenience of Willing Witnesses Strongly Favors Transfer.**

The convenience of witnesses factor is "probably the single most important factor in [the]

transfer analysis[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). "When the

distance between an existing venue for trial … and a proposed venue under § 1404(a) is more

than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the

additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

The convenience of witnesses strongly favors transfer here, because most of the expected

Apple trial witnesses are in the NDCA and DH International has identified no witnesses in this

District. *See supra* Section II; *see also TikTok,* 85 F.4th at 362 (finding that the NDCA was

"clearly more convenient" when the "bulk of relevant witnesses" resided outside of Texas); *In re

HP Inc.*, No. 2018149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) (granting mandamus

petition where more witnesses resided in transferee district); *Polaris Innovations Limited v. Dell,

Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *9 (W.D. Tex. Dec. 5, 2016) (granting

transfer to NDCA despite presence of potential witnesses, including patent inventors and

prosecuting attorneys, in WDTX and Texas); *InfoGation Corp. v. Google LLC*, No. 6:20-CV-

00366-ADA, 2021 WL 5547070, at *4 (W.D. Tex. Apr. 29, 2021) (granting transfer where "[t]he

majority of both party and non-party witnesses will be located either within the [transferee

district] or in the [transferee state]" despite the presence of witnesses in Texas, Washington, and

South Korea).

████████████████

The relevant Apple engineers who are involved in or know about the design, development, and implementation of the accused Apple Pay, NFC, biometrics, and local authentication features are concentrated in the NDCA, with some in San Diego and Prague. *See supra* Section II.A. Although Apple has employees who work on Apple Pay features at its Austin, Texas campus, none of them are likely trial witnesses either because they do not work on the accused features (*see supra* Section II.B) or because their knowledge relevant to the accused features is duplicative of Apple's expected more relevant and more knowledgeable trial witnesses. *See* Tryggestad Decl.; Barker Decl.; Passke Decl. ¶¶ 6-9; Diederich Decl. ¶¶ 4-5. As for the two expected trial witnesses who live and work in Prague and work on the biometric aspects of the accused technology, the NDCA is only slightly farther away than Austin—5,800 miles versus 5,500 miles—and the flight times are nearly equivalent. *Compare* Ex. 4 *with* Ex. 5. At minimum, this District is no more convenient for both of them to attend trial than in the NDCA, ████████████████████████████████████████████

████████████████████. *See, e.g.,* Kostka Decl. ¶ 4. And the Apple witnesses who will testify about the marketing, licensing and finances related to the accused products and features are in the NDCA, and none are in this District. *See supra* Section II.A.

Apple's Cupertino-based witnesses are a short car ride from the three courthouses in the NDCA, but are a thousand-plus-mile plane ride from Austin. *Compare* Ex. 6 *with* Ex. 7. If this case is tried in this District, Apple's trial witnesses will all need to spend days away from home and work, as opposed to less than one day if the trial takes place in the NDCA. *See In re NetScout Systems, Inc*., No. 2021-173, 2021 WL 4771756, at *3 (Fed. Cir. Oct. 13, 2021) (the "convenience of the witnesses is best served if the court can 'minimize the time when [witnesses] are removed from their regular work or home responsibilities.'"). Trial in the NDCA

therefore will be far more convenient for Apple's witnesses, whereas trial in this District will cause those witnesses to suffer personal and professional hardships. *See Clarke,* 94 F.4th at 508.

Courts often cite the burden of travel as a key reason supporting transfer to a more convenient district. *See Volkswagen II*, 545 F.3d at 317 (witnesses may suffer "personal costs associated with being away from work, family, and community"); *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (requiring multiple employees to travel from the NDCA to East Texas would "incur significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work"); *Apple*, 979 F.3d at 1341-42 ("Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.").

For its part, DH International has no employees in Texas and has not identified any witnesses in Texas that have information relevant to this case. DH International's only identified witness is Joël Gaillard, DH International's President and the inventor on the asserted patents, who appears to be located in Canada or France. *See supra* Section II.C. Although Mr. Gaillard may be closer to Austin than to the NDCA, the inconvenience of multiple Apple witnesses who live and work in California far outweighs the minor inconvenience to Mr. Gaillard for having to travel to the NDCA from Canada or France rather than to Austin. *Compare* Ex. 8 with Ex. 9.

DH International might point to Apple's Austin-based campus to suggest that potential witnesses reside there, making Texas convenient. But as *TikTok* and *Samsung* establish, a defendant's presence in the transferor district cannot be weighed in the transfer analysis unless record evidence establishes that particular employees possess material and relevant information.

The Federal Circuit has held in transferring a case from this District to the NDCA, "the presence of some Samsung employees in Eastern Texas, who have no technical knowledge of the accused functionality here, 'cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in' WDTX." *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (quoting *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023)); *In Re: Google LLC,* 58 F.4th 1379, 1384, n.2 (Fed. Cir. 2023) (explaining that even if there were a number of potential witnesses with relevant information in Texas that would not alter the "imbalanced nature of where the potential witnesses are located" and weighing witness convenience "firmly" in favor of transfer).

The Fifth Circuit's decision in *TikTok* also is instructive. There, the court found that the convenience of witnesses factor favored transfer from this District to the NDCA even though "one of the engineers who implemented the [accused] functionality lives … only 113 miles from the Waco federal courthouse" because "most relevant witnesses are in China or California." *See TikTok*, 85 F.4th at 361. Transfer was proper despite TikTok's "large presence in the Western District of Texas in the form of a 300-person office in Austin" as the employees located there did not possess business or engineering information relevant to the instant suit. *Id.* at 356-57. Here, the convenience factor supports transfer because most of the relevant witnesses are in the NDCA, not in this District. *Id.*; *see also In re Honeywell*, No. 2023-152, 2024 WL 302397, at *2-3 (Fed. Cir. Jan. 26, 2024) (factor favored transfer to the district where the majority of witnesses are located, even though plaintiff and three of its employees were in Texas).

Therefore, the most important factor in the transfer analysis—the convenience of the witnesses—strongly favors transfer to the NDCA.



###### 2.    The Relative Ease of Access to Sources of Proof Strongly Favors Transfer.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345 (citation omitted). "In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017).

Here, the NDCA is the primary location ███████████████████████████ ███████████████, not this District. *See* Diederich Decl. ¶ 6; Kostka Decl. ¶ 5; Paaske Decl. ¶¶ 3,11; Bandyopadhyay Decl. ¶ 5; Sykora Decl. ¶ 6. For this reason, the physical evidence, ████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████are primarily stored in the NDCA or San Diego, California. *See* Bandyopadhyay Decl. ¶ 5. Apple's ███████████████████████ ███████████████████████████████████████ from the NDCA. *See* Spevak Decl. ¶ 6; Kramer Decl. ¶ 5. And because Apple's marketing employees who are most knowledgeable about the accused products live and work in the NDCA, ███████████ ████████████████████████████████████████████████████ ████████ from the NDCA. *See* Biyani Decl. ¶¶ 4, 5. In contrast, Apple has identified little to no relevant sources of proof at Apple's facilities in Austin. DH International also has not pointed to any sources of proof—either its own or others—in this District or anywhere else in Texas. *See generally* Complaint.

███████████████

In *Haptic,*, the Court noted that the access to electronic sources of proof was "more readily available in NDCA because most of the custodians of the relevant records are located there." *Haptic*, No. 1-23-CV-01351-RP, 2024 WL 2954194, at *4 (W.D. Tex., Apr. 15, 2024) (*aff'd Haptic,* 2024 WL 3159288, at *1). As a result, the access to sources of proof factor weighed "strongly in favor of transfer." *Id*. As the Court correctly observed, "[t]he fact that evidence is electronic does not mean that access is uniform in each district." *Id*. (*aff'd Haptic,* 2024 WL 3159288, at *1 (noting that submitting "sworn declarations attesting to the fact that such information [source code and electronic sources of proof] was restricted on a need-to-know basis to Apple employees" outside of WDTX enabled the district court reasonably to "conclude under Fifth Circuit law that the sources of proof are more easily accessible from NDCA than WDTX")); *see also In re Apple Inc*., No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021) (nonprecedential) ("The district court should have compared the ease of access in the Western District of Texas *relative* to the ease of access in the Northern District of California") (emphasis in original); *Apple*, 979 F.3d at 1339-40 ("[M]ovant need not show that all relevant documents are located in the transferee venue to support a conclusion that the location of relevant documents favors transfer."); *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4833481, at *5 (W.D. Tex. Jul. 26, 2023) ("The quantity and substance of [defendant's] documents bearing on the accused instrumentalities, which are created and maintained in the NDCA, are of significantly greater importance to the transfer analysis.").

The same is true here, ████████████████████████████████████

███████████████████████████████████████. *See* Biyani Decl. ¶ 5; Spevak Decl. ¶ 6; Diederich Decl. ¶ 6; Kramer Decl. ¶ 5; Bandyophadhyay Decl. ¶ 5. Because the

███████████████

NDCA is the location of most or all of the relevant sources of proof and none are in this District, this factor strongly favors transfer.

### 3.      The Availability Of Compulsory Process Factor Favors Transfer.

The availability of compulsory process factor favors transfer because third-party witnesses are within the subpoena power of the NDCA and not this District. *See Genentech*, 566 F.3d at 1345 (compulsory-process factor "weighs in favor of transfer" where "no witness [] can be compelled to appear in the Eastern District of Texas"). The compulsory process factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc. v. Apple Inc*., No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). Under the Federal Rules, a court may subpoena a witness to trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B).

This litigation involves NFC technology, which enables near-field communication between a mobile device and an external device, such as a POS terminal. *See* Dkt. No. 1, Complaint at ¶¶ 38, 40-41, 44, 62, 64-65, 67-68. ███████████████████
████████████████████████████    *See* Bandyophadhay Decl. ¶ 4. T████████████
███████████████████████████████████████████████████
████████████████████████████████    *Id*. Apple expects ████████████
███████████████████████████████████████████████████
█████████████████████    to be third-party witnesses in this case.

Apple has also identified at least one third-party prior art inventor who lives and works in the NDCA. One of the prior art references Apple has identified is WO 2002/088931 to Christopher McGregor, Travis McGregor, and D. Scott McGregor. *See* Ex. 10. These prior art

inventors are listed on the prior art reference as residing in San Francisco, California, Manhattan

Beach, California, and Spokane, Washington. *Id*. Based on public searches, it appears that at

least Travis McGregor still lives in the San Francisco Bay area. *See* Ex. 11.

Given the location of likely third-party witnesses in California, this factor favors transfer.

### 4. The Other Practical Problems Factor Is Neutral.

The "other practical problems" factor is neutral to this transfer analysis. This factor

assesses whether a transfer would impact judicial efficiency. This case is in its early stages, with

no discovery having been taken. Although DH International also sued Google in this District on

the same patents, DH International withdrew its claims and voluntarily dismissed the case about

three months after it was filed with no substantive case activity. *See DH International Ltd. v.

Google LLC*, No. 1-23-cv-0116, Dkt. No. 9 (Dec. 14, 2023). Thus, there are no practical

considerations favoring either venue because "neither [] WDTX nor [] NDCA has any previous

experience with the asserted patent" and "there are no related lawsuits pending in either district."

*See USTA*, 2023 WL 4833481, at *6.

### C. The Public Interest Factors Favor Transfer Or Are Neutral.

Two of the public interest factors favor transfer because the NDCA and this District have

similar times to trial and the NDCA has a strong local interest in this matter. The remaining two

factors are neutral.

### 1. Court Congestion Slightly Favors Transfer.

The relevant inquiry under the court congestion factor is the "speed with which a case

can come to trial and be resolved[.]" *Genentech*, 566 F.3d at 1347; *Apple*, 979 F.3d at 1343

(same). This factor is "the most speculative" and is given little weight compared to the other

transfer factors. *Genentech*, 566 F.3d at 1347; *see also Clarke,* 94 F.4th at 515. The Federal

Circuit has "noted that 'the Western District of Texas and the Northern District of California

show no significant differences in caseload or time-to-trial statistics.'" *Apple*, 2021 WL

5291804, at *4 (citation omitted); *see also Apple*, 979 F.3d at 1343-44. The pending assignment

of this case to "Judge Docket II - Austin" suggests some congestion in this Court. *See* Ex. 12.

Indeed, the Court indicated that it "has a particularly busy civil caseload, with over 900 pending

civil cases" and found that this factor is neutral or weighed slightly in favor of transfer. *Haptic*,

2024 WL 2954194, at *6 (*aff'd Haptic*, 2024 WL 3159288, at *2). Although not necessarily

dispositive, this factor slightly favors transfer.

### 2.   The Local Interest Factor Favors Transfer.

The local interest factor strongly favors transfer to the NDCA. This factor does not look

for "connections to each forum writ large[.]" *Apple,* 979 F.3d at 1345. Rather, this factor looks to

the location(s) of "events that gave rise to [the] suit," such as where "the accused products were

designed, developed, and tested." *Id.*; *see also In re Apple Inc.,* No. 2022-128, 2022 WL

1196768, at *3 (Fed. Cir. Apr. 22, 2022) (finding local interest where "research, design, and

development of the accused functionality occurred in that district"); *Clarke,* 94 F.4th at 511

("We focus on the *events—*not the *parties.")* (emphasis in original).

Here, the NDCA has strong local interests in this case because: (1) Apple's research,

design, and development of the accused technology primarily takes place and is managed there;

(2) Apple's headquarters and the relevant portion of its workforce are there; and (3) the majority

of Apple's likely witnesses and evidence are there. *See supra* Section II.A.; *Parus Holdings, Inc.*

*v. Microsoft Corp*., No. 6:21-CV-00570-ADA, 2022 WL 17420391, at *10 (W.D. Tex. Nov. 29,

2022) (local interest factor "heavily" favored transfer because Microsoft's "headquarters are in

[the transferee's district] and the teams that designed and developed the Accused Products are

primarily located in the [same location.]"; *see also In re Hoffman-La Roche, Inc.,* 587 F.3d 1333

at 1336, 38 (Fed. Cir. 2009) (NDCA's local interest in the matter was "self-evident" because it called "into question the work and reputation of several individuals residing" in NDCA).

Although DH International's complaint generically identifies Apple's locations in Austin (Complaint ¶ 8), the Federal Circuit has rejected this as a cognizable tie to this District. Rather, under the local interest factor, "a party's 'general presence in a particular district' does not alone 'give that district a special interest in the case.'" *See Apple*, 2022 WL 1196768, at *3, cert. denied sub nom. *CPC Pat. Techs. PTY Ltd. v. Apple Inc*., 143 S. Ct. 206 (2022) (internal citation omitted); *USTA*, 2023 WL 4833481, at *6 (same); *see also TikTok,* 85 F.4th at 364 (courts "look not to 'the parties' significant connections to each forum … but rather the significant connections between a particular venue and the events that gave rise to a suit.'") (internal citation omitted).

For its part, DH International appears to have no ties to this District. But even if it did, its relationship should not be considered under this factor. *See Clarke,* 94 F.4th at 511 ("We do not consider the parties' connections to the venue because the local interest analysis is a public interest factor."). The local interest factor therefore strongly favors transfer.

### 3. Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors.

Finally, the last two public interest factors—familiarity with the governing law and conflicts of law—are neutral. There are no perceived conflicts of law and both districts are qualified to apply patent law. *See USTA*, 2023 WL 4833481, at *6; *Magic Cross Ranch, L.P. v. Manion*, No. 3:12-CV-00541-P, 2012 WL 13027449, at *3 (N.D. Tex. Sept. 25, 2012).

## V.   CONCLUSION

Four of the seven factors favor transfer to the NDCA and three are neutral. The four factors favoring transfer include those that are given the most weight, such as convenience of

witnesses. On balance, these factors demonstrate that the NDCA is clearly the more convenient venue for this case. Therefore, Apple respectfully requests transfer of this case to the NDCA.

Date: July 1, 2024                                    Respectfully submitted,


                                                     */s/ John M. Guaragna*
                                                     John M. Guaragna (Bar No. 24043308)
                                                     DLA PIPER LLP (US)
                                                     303 Colorado Street, Suite 3000
                                                     Austin, TX 78701
                                                     Telephone: (512) 457-7000
                                                     Facsimile: (512) 457-7001
                                                     john.guaragna@us.dlapiper.com

                                                     *Attorneys for Apple Inc.*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record were served a copy of the above document and all sealed attachments thereto via email on July 1, 2024.

                                                     */s/ John M. Guaragna*
                                                     John M. Guaragna


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(g), counsel for the parties met and conferred on June 28, 2024 and the parties are at an impasse, leaving an open issue for the Court to resolve. Plaintiff indicated that it opposes this motion.

                                                     */s/ John M. Guaragna*
                                                     John M. Guaragna

1609096377