IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DH INTERNATIONAL LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1114-DII |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER</u>**

Before the Court is Plaintiff DH International, Ltd.'s ("DH") Opposed Emergency Motion For (1) An Extension Of Time To Respond To Defendant's Motion To Transfer Venue And (2) A Request For A Three Month Venue Discovery Period. (Dkt. 45). Defendant Apple Inc. ("Apple") filed a response in opposition. (Dkt. 52). For the reasons that follow, the Court will deny the motion and order DH to file a response to Apple's motion to transfer, (Dkt. 42).

DH filed its complaint for patent infringement on September 15, 2023. (Dkt. 1). After the parties agreed to extend Apple's time to answer, (Dkt. 12), Apple filed its answer on February 20, 2024, (Dkt. 15). On July 2, 2024, Apple filed an opposed motion to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of California (the "NDCA"). (Dkt. 42; *see also* Redacted Version, Dkt. 44). Apple argues that it is headquartered in the NDCA and most of its key witnesses related to the allegedly infringing technologies are located in the NDCA. (*Id.* at 1). Apple further argues that the key sources of proof are located in the NDCA and that it has identified likely third-party witnesses within the NDCA's subpoena power. (*Id.*). Apple also argues that DH has no apparent connections to this district and that the named inventor of the patents appears to be located abroad. (*Id.*).

On July 2, 2024, DH filed its motion for venue discovery, asking the Court to order a three-month venue discovery period. (Dkt. 45). The thrust of DH's argument is that another court in this district looks less favorably upon motions to transfer patent cases; DH also argues that this other division automatically allows venue discovery. (*Id.* at 4). DH argues that venue discovery is appropriate because another court in this district has twice previously denied motions to transfer filed by Apple and because Apple once previously withdrew a motion to transfer in another case in this district. (*Id.* at 2 (citing *Fintiv, Inc. v. Apple Inc.*, 6:18-cv-372-ADA (W.D. Tex., Waco Div. filed Dec. 21, 2018) (Dkt. 73) (in which Apple's motion to transfer was denied); *Lionra Techs. Ltd. v. Apple Inc.*, 6:22-cv-351-ADA (W.D. TX, Waco Div. filed April 1, 2022) (Dkt. 77; *see also* Dkt. 96) (in which Apple's motion to transfer was denied); *RFCyber Corp., v Apple Inc.*, 6:21-cv-916-ADA (W.D. Tex., Waco Div. filed Sept. 7, 2021) (Dkt. 92) (in which Apple withdrew its motion to transfer))). DH argues that other decisions in this district granting Apple's motions to transfer are distinguished from these cases in which Apple's motions to transfer were denied or withdrawn. (Dkt. 45, at 2–3 (citing *Scramoge Tech. Ltd. V. Apple Inc.*, 6:21-cv-579-ADA (W.D. Tex., Waco Div. filed June 7, 2021) (Dkt. 82) (granting Apple's motion to transfer))). Accordingly, DH argues that "limited discovery is necessary to place the parties on a more even playing field and assess the veracity of Apple's evidence as well as determine what relevant evidence Apple may have chosen not to disclose in its motion." (*Id.* at 3).

In opposition, Apple argues that DH has not mentioned or met "its burden of showing the necessity for venue discovery in this District, which may be shown by (1) an indication of fraud or misconduct in the defendant's affidavits, and (2) a reason to believe that additional information would alter the outcome of the motion." (Resp., Dkt. 52, at 1). Apple argues that venue discovery is not necessary because its transfer motion demonstrates that DH's "allegations in its complaint have little or no connection to this District," and DH "has no known connections to this District." (*Id.*).

A district court has "broad discretion in all discovery matters," and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000). "As the party opposing [transfer] and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). "A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020).

The Court finds that DH has not established that venue discovery is warranted. DH dedicates the bulk of its motion for venue discovery to arguing that another court in this district has not looked favorably on Apple's prior motions to transfer patent cases. This is not the relevant standard, and thus, the Court will not analyze these cases. DH has not carried its burden of demonstrating that there is any fraud or misrepresentations in Apple's 17-page motion to transfer or accompanying 11 declarations[1] such that venue discovery is needed to verify the veracity of Apple's statements, nor has DH carried its burden of demonstrating to the Court that the information DH seeks would affect the Court's venue analysis. *Optic153 LLC*, 2020 WL 3403076, at *4; *see also USTA Tech., LLC v. Google LLC*, No. W-22-CA-1214-XR, 2023 WL 4054597, at *2 (W.D. Tex. June 16, 2023) (denying motion for venue discovery where there is no indication of misconduct in the defendant's affidavits and no reason to believe that additional information would alter the outcome). Furthermore, the Court notes that ordering the parties to complete venue discovery for the purpose of determining relative convenience when it would not affect the Court's venue analysis would be an

---

[1] In fact, two of Apple's declarants reside and work in this district, cutting against any plausible inference of fraud or misrepresentation—even if DH had made such a showing—and indicating that Apple has been forthcoming in its motion.

inefficient use of judicial resources—and of party resources. *See In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022) ("[A]n undue delay for a motion under § 1404(a) . . . may unnecessarily require the expenditure of judicial resources in both the transferor and transferee courts"). Accordingly, venue discovery is unwarranted in this case, and the Court will deny DH's motion.

The Court also wishes to warn DH's counsel against designating motions as emergencies when they are not urgent. DH's counsel designated its motion for venue discovery as an emergency and contacted chambers at least three times about the motion before Apple's response was due under this Court's Local Rules. A motion for venue discovery is not an emergency. Further, DH's deadline to respond to the motion to transfer was automatically tolled pending its motion for venue discovery—a fact DH itself seems to have acknowledged, as DH requests "an extension of two weeks from the date of denial to respond to the motion to transfer" in the event its motion for venue discovery is denied. (Dkt. 45, at 5).

Because DH has not met its burden of establishing that venue discovery is necessary, **IT IS ORDERED** that DH's motion for venue discovery, (Dkt. 45), is **DENIED**.

**IT IS FURTHER ORDERED** that DH shall file a response to Apple's opposed motion to transfer venue to the Northern District of California, (Dkt. 42), **on or before August 1, 2024**.

**SIGNED** on July 18, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE